IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02509-BNB

SHAUN BOGNER,

      Plaintiff,

v.

OFFICER GROGAN,
OFFICER R. OLIVETT, and
OFFICER K. BURFORD,

      Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

      Plaintiff, Shaun Bogner, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Bogner has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as well as injunctive relief.

      The Court must construe the Prisoner Complaint liberally because Mr. Bogner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Bogner's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint in part as legally frivolous.

Mr. Bogner asserts two claims for relief in the Prisoner Complaint: an Eighth Amendment claim against Officer Grogan, and a Fourteenth Amendment due process claim against Officers R. Olivett and K. Burford. The Court will address in this order only the Eighth Amendment claim.

Mr. Bogner alleges in support of his Eighth Amendment claim that he was assaulted by another inmate on September 21, 2011, when Officer Grogan opened the wrong door and allowed the inmate access to the room in which Mr. Bogner was exercising. According to Mr. Bogner,

> Officer Grogan knew the AD-SEG inmates housed in the OMI program were violent and at the time there was only suppose[d] to be one inmate out at a time, she controlled the operation of the doors, she carelessly opened the wrong door, violating Mr. Bogner's 8th Amendment constitutional right to safety.

(ECF No. 1 at 4.)

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including

2

adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Bogner must allege that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Bogner must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. Deliberate indifference means that "a prison official may be held liable . . . only if [s]he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* at 837.

Mr. Bogner's Eighth Amendment claim lacks merit because his allegation that Officer Grogan was careless when she opened the wrong door does not rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (holding that a prison physician's negligence does not amount to an Eighth Amendment violation). Even if Officer Grogan was grossly negligent when she opened the wrong door, the Eighth Amendment claim still lacks merit because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990). Therefore, because Mr. Bogner fails to allege facts that demonstrate Officer Grogan acted with deliberate indifference, the Eighth Amendment claim against Officer Grogan will be dismissed as legally frivolous and Officer Grogan will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Bogner's due process claim against Officers R. Olivett and K. Burford.  Instead, after review pursuant to D.C.COLO.LCivR 8.2C, that claim will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Plaintiff's Eighth Amendment claim against Officer Grogan is dismissed as legally frivolous.  It is

FURTHER ORDERED that Officer Grogan is dismissed as a party to this action because the claim against her is legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   18th   day of     September    , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court