IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02509–RBJ–KMT

SHAUN BOGNER,

    Plaintiff,

v.

OFFICER GROGAN,
OFFICER R. OLIVETT,
OFFICER K. BURFORD,
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
CDOC EXECUTIVE DIRECTOR RICK RAEMISCH,
TRAVIS TRANI, Warden - Colorado State Penitentiary ("CSP),
JOHN DOE 1-50, and
JANE DOE 1-50,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights. This matter is before the court on "Defendants Olivett and Burford's Motion to Dismiss Amended Complaint" (Doc. No. 56 [Mot.], filed January 16, 2014). Plaintiff filed his response on March 31, 2014. (Doc. No. 61 [Resp.].) This motion is ripe for recommendation and order.

## STATEMENT OF THE CASE

Plaintiff is an inmate at the Colorado State Penitentiary ("CSP"), in the Colorado Department of Corrections ("CDOC"). (Am. Prisoner Compl. at 4 [Am. Compl.] [filed December 26, 2013].) CSP is a maximum security/administrative segregation unit in which inmates are on 23-hour lockdown with 40 minutes for recreation at an enclosed area and 20 minutes for showers five days per week. (*Id.*) Plaintiff alleges on September 21, 2011, there was no guard in the recreation room, and Defendant Grogan, who was manning the control tower, let another inmate enter the recreation room and attack Plaintiff, causing serious injuries. (*Id.*) Plaintiff asserts prior to the alleged attack, the inmate who attacked him previously threatened him, and Plaintiff advised his CDOC therapist and two CDOC sergeants of the threats on three occasions. (*Id.* at 4–5, 6.) Plaintiff also states he requested that he be moved to a different housing unit, but no action was taken. (*Id.* at 5.) Plaintiff apparently was charged and convicted with a Code of Penal Discipline ("COPD") violation for fighting related to the September 21, 2011, incident. (*Id.* at 9.)

Plaintiff alleges claims, pursuant to 42 U.S.C. § 1983, that the defendants' deliberate indifference to his safety violated his Eighth Amendment rights. (*Id.* at 6.) Plaintiff also alleges Defendant Olivett failed to give him a fair hearing for the COPD violation, in violation of his Fourteenth Amendment due process rights. (*Id.* at 7.)

Defendants Olivett and Burford move to dismiss Plaintiff's Amended Complaint on the bases that (1) Plaintiff's claims for monetary damages against them in their official capacities are barred; (2) Plaintiff fails to state an Eighth Amendment claim for deliberate indifference; (3)

2

Plaintiff fails to state a Fourteenth Amendment claim for due process violations; and (4) they are entitled to qualified immunity in their individual capacities. (*See* Mot.)

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### *2.     Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual

allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.    *Eleventh Amendment Immunity*

Defendants argue that they, in their official capacities, are immune from Plaintiff's claims to the extent Plaintiff seeks monetary damages. (Mot. at 4–5.) The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendants in their official capacities constitute claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against the Defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See id.*

2.     *Eighth Amendment Claim*

The Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates. *See Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Berry v. City of Muskogee*, 900 F.2d 1489, 1494–95 (10th Cir. 1990).  The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives.  *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992).

The subjective component of a deliberate indifference claim requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment."  *Farmer*, 511 U.S. at 838.  It is not enough to allege that prison officials failed "to alleviate a significant risk that [they] should have perceived but did not."  *Id.*  To show "the requisite deliberate indifference," [the plaintiff] "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

> The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

*Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).

Plaintiff alleges Defendant Burford, who apparently conducted the COPD hearing, acknowledged in writing that " '[Defendant] Grogan opened the exercise door and allowed Offender White to enter the room and initiate the fight.' "  (Compl. at 6, ¶ 2; 9) (quotes in

8

original).  Plaintiff also alleges Defendants Olivett and Burford "knew or should have known about the threats made by Inmate White to kill or harm Plaintiff since Plaintiff reported that properly and timely on three different occasions . . . ."  (*Id..* at 6.)  However, Plaintiff fails to allege that he advised any of the individual defendants that Offender White had threatened him.  To the contrary, Plaintiff states he advised only his CDOC therapist, Mr. Kirkman, and Sergeant Halstead, neither of whom is a defendant to this action.[1]  (*See* Compl at 5.)  To state a claim under the Eighth Amendment, a plaintiff must allege that the defendants actually knew of the risk; it is insufficient to allege that they should have known of the risk.  *See Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003).

Plaintiff's conclusory allegations are insufficient to support an Eighth Amendment claim of deliberate indifference to an objectively serious risk to his health or safety.  This claim properly is dismissed as to Defendants Olivett, Burford, Raemish, and Trani.[2]

### *3.    Fourteenth Amendment Claim*

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property."  *Chambers v. Colo. Dep't of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted).  A plaintiff must make two showings in order to proceed on a

---

[1] Though Defendants Raemish, and Trani have not answered the Amended Complaint or moved for dismissal, the Court may analyze Plaintiff's Eighth Amendment claim against all of the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] Plaintiff makes other allegations as to Defendants Grogan and the CDOC, who have not answered the Amended Complaint or moved for dismissal.  Thus, the court does not recommend that the Eighth Amendment claim be dismissed as to them pursuant to § 1915(e)(2)(B)(ii).

procedural due process claim. *See Bartell v. Aurora Public Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th Cir. 2001). Second, he must show that the procedures used in addressing his liberty interest were inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149. The Supreme Court has held that, for prisoners, a liberty interest exists only where an interference with that right would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Finally, while it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974).

Defendants argue that prior to bringing this action, Plaintiff is required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to first obtain a favorable termination of his COPD conviction, as Plaintiff claims that he lost good time credits due to his COPD conviction. (Mot. at 9–11.) *Heck v. Humphrey* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate conviction. 512 U.S. 477. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Supreme Court's holding in *Heck* has also been applied to

prison disciplinary convictions that deprive a prisoner of good time credits.  *See Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Edwards*, the Supreme Court held that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable in a civil rights action pursuant to § 1983 unless the prisoner can demonstrate that the underlying conviction or sentence has been invalidated.  *Id.* at 648.

As in *Edwards*, Plaintiff challenges the validity of his disciplinary conviction and the procedures used to deprive him of good-time credits.  520 U.S. at 648.  Plaintiff does not allege that his disciplinary conviction has been invalidated and does not argue in his response that his conviction has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus.  Therefore, Plaintiff's claim challenging the validity of his disciplinary conviction and the resulting deprivation of his good-time credits is barred by *Edwards* and *Heck* and should be dismissed without prejudice.  *See Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648; *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("[w]hen a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").[3]

### *4.     Qualified Immunity*

Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  To overcome the defendants' claim of

---

[3]Plaintiff's Fourteenth Amendment claim is asserted against Defendant Olivett only.  (*See* Compl. at 9.)

11

qualified immunity, the plaintiff must establish that the defendants' actions violated a constitutional or statutory right of the plaintiff's and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

The plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights. Therefore, the defendants are entitled to qualified immunity as to Plaintiff's claims against them.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that on "Defendants Olivett and Burford's Motion to Dismiss Amended Complaint" (Doc. No. 56 ) be **GRANTED**. Plaintiff's Eighth Amendment claim against Defendants Olivett, Burford, Raemish, and Trani should be dismissed with prejudice. Plaintiff's Fourteenth Amendment claim should be dismissed in its entirety without prejudice.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of August, 2014.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge