IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02509-RBJ-KMT

SHAUN BOGNER,

    Plaintiff,

v.

OFFICER GROGAN,
OFFICER R. OLIVETT,
OFFICER K. BURFORD,
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
CDOC EXECUTIVE DIRECTOR RICK RAEMISCH,
TRAVIS TRANI, Warden – Colorado State Penitentiary ("CSP"),
JOHN DOE 1-50, and
JANE DOE 1-50,

    Defendants.

## ORDER

This case is before the Court on defendants K. Burford and R. Olivett's motion to dismiss (ECF No. 56) and the Recommendation of Magistrate Judge Kathleen M. Tafoya that the motion be granted (ECF No. 68). More specifically, Judge Tafoya recommends that this Court (1) dismiss plaintiff's Eighth Amendment claims as to these two defendants and also as to defendants Rick Raemisch and Travis Trani, with prejudice, and (2) dismiss plaintiffs Fourteenth Amendment claim in its entirety without prejudice.[1]  The Court now affirms the

---

[1] Judge Tafoya construed plaintiff's complaint as asserting a Fourteenth Amendment claim only against defendant Olivett. To the extent that plaintiff also asserts a Fourteenth Amendment claim against defendant Burford, that claim is dismissed on the same grounds. Additionally, Judge Tafoya construed the Fourteenth Amendment claim as one premised on a liberty interest. Plaintiff appears also to make a Fourteenth Amendment claim based on a property interest: the $33.25 he was charged "in restitution" following his conviction for fighting. ECF No. 53 at 9. Based on the complaint, it appears that an invalidation of this charge—the result of the plaintiff's conviction for fighting—would necessarily imply

Recommendation. The remaining defendants, the Colorado Department of Corrections and Sherry Grogan, have not yet filed an answer or other response to the Amended Complaint. However, it appears to be inevitable, based on the allegations in the Amended Complaint and the issues raised by the moving defendants, that motions to dismiss will be filed on behalf of the additional defendants as well. It is further evident to this Court that such motions would be granted. Accordingly, the Court finds that there is no just reason to delay and, *sua sponte*, dismisses the claims against them.

## JUDGE TAFOYA'S RECOMMENDATION

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Recommendation, issued on August 7, 2014 and incorporated herein by reference, included an advisement regarding the parties' right to file written objections within 14 days after service and a warning that failure to do so waives de novo review. Recommendation [ECF No. 68] at 13. Mr. Bogner timely moved for additional time to file objections. ECF No. 70. The Court granted Mr. Bogner an additional three weeks to September 12, 2014 to file objections. ECF No. 71. However, Mr. Bogner did not file objections by that date (or since).

"In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")). The Court has

---

the invalidity of the conviction, and it is also dismissed under Judge Tafoya's Fourteenth Amendment analysis.

reviewed the relevant pleadings concerning the Recommendation. Based on this review, the Court concludes that the Magistrate Judge's analysis is correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court.

## THE REMAINING CLAIMS

Following the adoption of Judge Tafoya's Recommendation, the remaining claims in the case are Eighth Amendment claims against the Colorado Department of Corrections and Officer Grogan. The Court now dismisses these remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) respectively.

1. <u>Standard of Review</u>

Under 28 U.S.C. § 1915(e)(2)(B)(ii), in proceedings in forma pauperis "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.) (quotation omitted), cert. denied, 534 U.S. 922 (2001). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal citations omitted). In addition, the Court liberally construes the filings of a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the advocate of the *pro se* litigant, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *E.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

2. Factual Background

The plaintiff's Eighth Amendment claim against the Colorado Department of Corrections and Officer Grogan arose after Mr. Bogner was attacked by another inmate in the recreation room at the Colorado State Penitentiary on September 21, 2011. According to Mr. Bogner, the officer manning the control tower, Defendant Grogan, improperly left the door to the recreation room unlocked, allowing another inmate to gain access and attack Mr. Bogner. ECF No. 53 at 6.[2] Notably, plaintiff states that Defendant Grogan did so "inadvertently" and that her actions were "a mistake." *Id.* This all took place in the context of prior threats by the same inmate against Mr. Bogner. Mr. Bogner claims that he advised his CDOC therapist and two CDOC sergeants (but not Defendant Grogan) of the threats on three occasions, and that he asked for a transfer, but to no avail. *Id.* at 4–5, 6. Mr. Bogner was ultimately charged and convicted of a violation of the CDOC's discipline code for his conduct in the September 21st attack. *Id.* at 9.

Mr. Bogner filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants' deliberate indifference to his safety violated his Eighth Amendment rights.

3. Eleventh Amendment Analysis

Before turning to the merits of Mr. Bogner's claim, the Court must first address the limits that the Eleventh Amendment places on its subject matter jurisdiction. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Here, Mr. Bogner's claim against the Colorado Department of Corrections is barred by the Eleventh Amendment. Under the Eleventh Amendment, "[t]he

---

[2] There appears to be inconsistent pagination on Mr. Bogner's Amended Complaint. In the interest of clarity, the Court uses the pagination assigned by the ECF system when referring to this document.

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court. Thus, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies whether the relief sought is legal or equitable." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations and quotations omitted). Because the Colorado Department of Corrections is an agency of the state of Colorado, the Eleventh Amendment bars Mr. Bogner's claim against it.

When a claim is barred by the Eleventh Amendment, a court must dismiss it for lack of subject matter jurisdiction. *Ruiz*, 299 F.3d at 1180. Accordingly, the Court now dismisses, without prejudice, Mr. Bogner's claim against the Colorado Department of Corrections under Federal Rule of Civil Procedure 12(b)(1).[3] *See Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685–86 (10th Cir. 2006) ("a dismissal for lack of subject matter jurisdiction must be *without* prejudice").

4. Eighth Amendment Analysis

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "In

---

[3] The Tenth Circuit has stated that a court may *sua sponte* dismiss a claim when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Smilde v. Herman*, 201 F.3d 449 (10th Cir. 1999) (internal citation omitted). Given the clear Eleventh Amendment bar to this Court's jurisdiction, *sua sponte* dismissal here is appropriate.

order to prove an Eighth Amendment violation, a plaintiff must show that . . . the prison official acted with a subjectively sufficiently culpable state of mind." *Nissen v. Silbaugh*, 104 F.3d 368 (10th Cir. 1996).  Here, "the necessary subjective culpable state of mind is 'deliberate indifference.'  Mere negligence or inadvertence is insufficient to support a violation of the Eighth Amendment." *Id.* (internal citations omitted).  A prison official cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal citations omitted).

Even in exercising the Court's duty to construe the filings of a *pro se* litigant liberally, here "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d at 128.  First, Mr. Bogner's amended complaint does not allege that Defendant Grogan was aware of the previous threats; rather he claims he told his therapist and other officers.  ECF No. 53 at 5.  There is no allegation that the warning he made to these individuals was ever relayed to the Defendant Grogan.  His theory relies on "the chain of command and personal duty to the safety of Plaintiff."  ECF No. 53 at 6.  Such a connection is insufficient to find that Defendant Grogan knew of an excessive risk to Mr. Bogner's safety.  Furthermore, granting Mr. Bogner an opportunity to amend his complaint on this point would be futile.  If Mr. Bogner had any reason to believe that Defendant Grogan knew of the excessive risk posed by the other inmate, he surely would have included it in his amended complaint.[4]  For these reasons, Mr. Bogner cannot demonstrate that Defendant Grogan was aware of the excessive risk to plaintiff posed by the other inmate.

---

[4] Note that there is also no such allegation in Plaintiff's first complaint.  *See* ECF No. 1.

Furthermore, even if Defendant Grogan had been aware of the excessive risk that Mr. Bogner describes, it is clear from the complaint that her disregard for any such risk did not rise above the level of "mere negligence or inadvertence." *Nissen*, 104 F.3d at 368. The complaint itself states that Defendant Grogan unlocked the door "inadvertently," and that her actions were "a mistake." ECF No. 53 at 6. Given this characterization of the defendant Grogan's actions, it is clear that Mr. Bogner has not and cannot allege facts that demonstrate the deliberate indifference required for an Eighth Amendment claim.

For these reasons, the Court finds it appropriate to dismiss Mr. Bogner's Eighth Amendment claim against defendant Grogan under 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

ORDER

1. The recommendation of the magistrate judge [ECF No. 68] is ACCEPTED and ADOPTED.
2. Plaintiff's Eighth Amendment claims against K. Burford, R. Olivett, Rick Raemisch, Travis Trani, and Sherry Grogan are dismissed with prejudice. Plaintiff's Eighth Amendment claim against the Colorado Department of Corrections is dismissed without prejudice.
3. Plaintiff's Fourteenth Amendment claim is dismissed without prejudice.
4. Therefore, this civil action and all claims therein are now dismissed.
5. Pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 defendants are awarded their costs.

DATED this 29th day of September, 2014.

---

[5] Note that Judge Babcock previously dismissed the Eighth Amendment claim against Defendant Grogan after plaintiff filed his first complaint, which alleged essentially the same facts, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). ECF No. 5.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

8